

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Re: Opinion No. 0-5152
Under the facts submitted
what disposition should now
be made of the funds col-
lected for issuance of
certificate of title and
held in the State Highway
Department.

     We are in receipt of your letter of March 22, 1943
as follows:

     "Some time ago in response to a request from
this Department, you advised us that any moneys
remaining in the hands of a tax collector from
the 25¢ fee for issuance of certificate of title,
after the payment of expenses necessary to the
efficient performance of the duties required of
him in the Certificate of Title Act, should be
remitted to the State Highway Department for
deposit in the State Highway Fund. Immediately
thereafter we advised tax collectors to remit
to this Department any moneys remaining in their
title fund at the end of the 1941 calendar year
after the payment of all necessary office expenses,
and on December 3, 1941, we received from tax
collectors the sum of $21,560.80. In the latter
part of 1941 a suit was filed by the Commissioners
Court of Harris County contesting the State's
interests in any moneys remaining over and above
the expenses of administering the Title Act by
the tax Collector of Harris County, and as a
result of this action, this Department received

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

from tax Collectors at the end of the 1942 calendar year the sum of only $5,525.15. This Department is now holding checks from tax collectors in the total sum of $27,112.96, that has been received from tax collectors in response to our directions that all moneys remaining in their title fund after the payment of all expenses of administering the Act for each calendar year be remitted to the Highway Department. It has not been deposited in the State Highway Fund because it was realized that the courts might possibly determine that the State had no interest in such funds and it would then be impossible to return the funds to the county without the act of the Legislature.

" Will you please advise us what disposition should now be made of the above mentioned funds by the Highway Department."

This Department delivered to you its Opinion No. O-3561 in May 1941, to the effect that any balance or surplus over necessary expenditures out of the 25¢ retained by the assessor and collector of the county would not be considered fees or commissions to be paid into the Officers' Salary Fund, or accounted for as fees of office, but should be remitted to the Highway Department.

In the case of State vs Glass, 167 S. W. (2d) 296, the Court of Civil Appeals at Galveston in its opinion set out the findings of fact and conclusions of law of the trial court and then rendered two separate findings. We quote the 13th finding of the trial court as follows:

"13. I find that, figured upon a percentage basis, based upon the number of deputies in the office, the cost of administering the Certificate of Title Act in Harris County equals or exceeds the 25¢ retained by the Assessor and Collector out of the Certificate of Title fees."

We also quote from the same opinion the conclusions of law numbered 1 and 3 as follows:

"1. I conclude as a matter of law that no intention is shown upon the part of the Legislature, by the

language of the amendment of Section 57, of the
Certificate of Title Act, to require the Assessor and
Collector of Taxes to account to the State Highway
Department for any surplus which might remain in his
hands from the 25¢ fee retained by him, and that it
was the intention of the Legislature that such fee
should constitute a fee of office, or official com-
pensation, of the Assessor and Collector.

"3. I further conclude that the sentence in Sec. 61
Art. 16 of the State Constitution, Vernon's Ann. St.,
reading: 'All fees earned by district, county and
precinct officers shall be paid into the county
treasury where earned for the account of the proper
fund', indicates an intention that all fees of every
character collected by a county officer officially
in counties having a population of twenty thousand
or more shall become fees of office, and that the
officer is limited to his salary as compensation,
and any fees collected by him officially must be
paid into the county depository as directed by the
constitutional provision."

The Court of Civil Appeals on page 301 of the Glass
Opinion held that the new duties to the public generally
(and not as Man Friday to the Highway Department only) were
thus imposed by the law making body upon the appellee only
in his official capacity as tax assessor and collector of
Harris County and presumably within the already existing
constitutional powers of such an officer. Following this
finding we quote:

"(10) This conclusion determines the merits of
the Highway Department's appeal, because, under it, that
appellant had no interest in the fund here involved;
accordingly, it is not deemed necessary to at length pass
upon its other contention against the sufficiency of the
evidence to sustain the court's finding that the cost
of administering the Act to the appellee equaled or
exceeded the 25¢ fee so retained by him.

Honorable D. C. Greer        Page 4


"      "However, no lack of support for such finding
on the facts is perceived--it appearing to have been
at least a permissible inference from all the facts
and circumstances in evidence.

      " The appealed-from judgment will be in all
other respects affirmed, but as to its allowance
of attorney's fees to the appellee it will be
reversed, and the entire cause as to attorney's
fees will be here rendered adversely to him.

      "Affirmed in part, reversed and rendered in part."


         It will be seen from a careful reading of the Class
Case that the Court of Civil Appeals held two things, that is,
first, that the Highway Department had no interest in the
fund because the tax Collector and Assessor was not its agent
but was acting in conformance to his duty as a public official
and the moneys collected were fees of office and it was not
necessary to pass at length upon any other contention; and
second, there was no lack of support for such finding of facts
perceived in the record, it appearing to have been at least a
permissible inference of all the facts and circumstances in
evidence.

         From this decision of the Court of Civil Appeals,
the State of Texas made application for writ of error to
the Supreme Court and raised the point that the finding
that the costs of administering the act in Harris County
equals or exceeds the 25¢ retained by the Collector out
of such fees as construed by the Court of Civil Appeals
was uncertain to the extent as to afford no legal support
for such conclusion of law and judgment based thereon.
In the application, the other point of error as to the
construction section 57 of the Certificate of Title Act
was also raised.

         The Supreme Court refused the writ of error for
want of merit.

         Rule 483 of the Rules of Civil Procedure provides
that in all cases where the judgment of the Court of Civil
Appeals is a correct one but the Supreme Court is not
satisfied that the opinion of the Court of Civil Appeals in
all respects has correctly declared the law, it will refuse

Honorable D. C. Greer        Page 5.

the application with the docket notation, "Refused for Want of Merit."

The Supreme Court has no jurisdiction as to the facts of the case, when there is a dispute. Richardson vs Liberty Independent School District 39 S. W. (2d) 823.

It does not follow that the Supreme Court is never concerned with the fact issues. The Supreme Court determines whether there is a legal sufficiency to support a finding. See Galveston H. & S. A. Ry. Co. vs American Grocery Co., 36 S. W. (2d) 985, 25 S. W. (2d) 688, affirming 13 S. W. 2nd 983. In that case it was held:

"As we construe the opinion of the Court of Civil Appeals, that court does not undertake to substitute its findings of fact for the findings of the trial court, but merely construed the legal effect of the evidence, considered as a whole, and held, as a matter of law, that the Wharf Co. was the agent of the Railway Co. and not liable for the shipment of goods destroyed by fire, and therefore reversed and rendered the cause. This ruling gives the Supreme Court the power to review the evidence."

In the case of Smith vs Atchison T. & S. F. Ry. 232 S. W. 290, the Supreme Court held that the Court of Civil Appeals having made findings of fact that defeat recovery, it was necessary that the cause be remanded for another trial.

The Certificate of Title Act of 1939, defined the terms "department" and placed the administration and enforcement of the law in the Department of Public Safety, and provided its rights and duties in respect thereto; and authorized the said department to prescribe necessary forms and to make rules necessary to effectuate the law; and prescribed the duties of the designated agents. When this law was amended by the 1941 Legislature, the Highway Department of Texas took over the functions of the Department of Public Safety, but the provisions in the original Act with reference to the matters above mentioned were not changed.

744

In view of Rule of Procedure No. 483, the refusal of the writ of error for want of merit is capable of the construction that the same was refused because the judgment upon the fact issue of expenditure of such sums by the collector was conclusive, and that the court was not satisfied with the Court of Civil Appeals holding on the matter of agency of the Collector. The order made by the Supreme Court is also capable of the construction that the writ was refused because the court was satisfied with the Court of Civil Appeals holding on the question of agency and that it was not satisfied with reference to the judgment upon the fact issue of expenditure of such sums by the collector in the administration of the act as being conclusive.

In the light of what we have said, the question of the State's interest in balances, after local expenditures have been paid, has not been definitely determined by the Supreme Court, and the decision of the Court of Civil Appeals as to such matters should not be accepted as the law governing the answer to your inquiry.

All funds belonging to the Highway Department are deposited with the State Treasurer to the credit of a special fund designated as the State Highway Fund and paid out according to article 6694.

The above last named statute and articles 6672 to 6674 inclusive, of the statutes make it apparent that, subject to control by the Legislature, the State Highway Department is given the supervision of the State Highway Fund and any expenditures thereof , as was held in the case of Robbins v. Limestone County, 268 S.W. 915.

The State Treasury is the depository of the funds. Texas Co. v. Schriewer, 38 S. W. 2nd. 141, error refused.

It is our opinion that the checks mentioned by you should be turned over to the State Treasurer.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _____
Eugene N. Catlett
Assistant

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ENC:ned

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN